**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEDAIL SCOTT, | ) | CASE NO. 1:18 CV 2405 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| EDWARD SHELDON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Ledail Scott filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Mansfield Correctional Institution, having been convicted in 2015 in the Lorain County Court of Common Pleas on a no contest plea to charges of aggravated burglary and aggravated robbery, both with gun specifications. As grounds for the Petition, Petitioner asserts the trial court erred by failing to suppress all evidence obtained as a result of Petitioner's unlawful arrest on a warrant not supported by probable cause, in violation of the Fourth Amendment. He asks this Court to vacate his conviction and order his immediate release.

**I.    Procedural Background**

Petitioner and several other men, participated in a home invasion in Lorain County. *State v. Scott*, 83 N.E.3d 242, 243 (Ohio Ct. App. 2017). The next night, Petitioner and others robbed a drug dealer. *Id.* Both offenses were committed with firearms. *Id.* The Lorain Municipal Court issued complaints and arrest warrants. Petitioner was arrested at his mother's house, where he consented to a search of his bedroom, and contraband from the offenses was discovered. At the

police station, Petitioner made incriminating statements.

Petitioner, through his first attorney, moved to suppress the statements he made at the police station. Because Petitioner was dissatisfied with his attorney's representation, the trial court appointed new counsel, who moved to withdraw the previously filed Motion to Suppress and filed his own. The new Motion argued that the complaint and arrest warrant were invalid because they were not signed or time-stamped and because there was no oath or affidavit to demonstrate probable cause. At a hearing on the Motion, the prosecutor provided signed, time-stamped copies of the complaint and warrant. Petitioner's attorney conceded that, just before the hearing, the prosecutor provided him with copies of the complaint and warrant which appeared to be properly executed. Petitioner maintained, however, that the complaint and warrant did not demonstrate probable cause. The trial court ordered the State to respond to the motion to suppress and also allowed Petitioner time to file a response. The state responded to the Motion on December 6, 2012. The trial court held a hearing on December 12, 2012, and denied the Motion before Petitioner filed his response. Petitioner moved the trial court to reconsider its decision; however, the trial court denied the request. Petitioner posted bond, but failed to appear in court until he was arrested about a year later. He entered no contest pleas to the two offenses.

Petitioner filed a timely appeal of the trial court's denial of the motion to suppress regarding defects in the complaint and warrant. He asserted that the trial court erred when it denied his motion to suppress all evidence obtained from the unlawful arrest warrant. More specifically, he argued that the arrest warrant was issued without probable cause. The Ohio Ninth District Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court. Petitioner appealed that decision to the Supreme Court of Ohio on March 17, 2017, asserting that

the good faith exception to the exclusionary rule should not apply unless there is binding judicial precedent upon which the executing officers can reasonably rely. The Supreme Court declined to accept jurisdiction on October 11, 2017.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting that the trial court erred by failing to suppress all evidence obtained as a result of Petitioner's unlawful arrest on a warrant not supported by probable cause, in violation of the Fourth Amendment. Petitioner contends that to support probable cause for a warrant, the affidavit or complaint of the officer must contain sufficient facts to suggest a crime was committed by the person whose arrest is sought. Petitioner suggests the warrant issued did not contain specific information and was not signed by the police officer seeking it. Petitioner further states officers could not rely on that warrant in good faith and the exclusionary rule should have applied to any evidence obtained in the course of the arrest and subsequent questioning by police.

## II.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v.*

*Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

**III.     Analysis**

Petitioner relies on the well-established rule that incriminating physical evidence illegally seized contrary to the Fourth Amendment must be excluded from trial. *See United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) (quoting *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)). However, the scope of review of alleged Fourth Amendment violations in federal habeas corpus proceedings is extremely narrow, and "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). "Full and fair" litigation opportunity in the state courts is determined with two separate inquiries: (1) whether the State has provided a procedural mechanism through which, in the abstract, Petitioner could raise a Fourth Amendment claim; and (2) whether Petitioner's presentation of the claim was, in fact, frustrated because of a failure of that mechanism. *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000), cert. denied, 531 U.S. 1089 (2001) (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), cert. denied, 459 U.S. 948 (1982)).

The Ohio procedural mechanism is adequate in the abstract to review Fourth Amendment claims. *See Riley*, 674 F.2d at 526. The Court must then proceed to the second inquiry and determine whether presentation of the Fourth Amendment argument was frustrated because of a failure in the procedural mechanism to allow for the opportunity for "full and fair" litigation of the Fourth Amendment suppression claim. *See Riley*, 674 F.2d at 526; *Machacek v. Hofbauer*, 213 F.3d at 952. In this case, Petitioner had a hearing on his Motion to Suppress and appealed that decision to the Ohio Ninth District Court of Appeals and the Supreme Court of Ohio. Essentially, Petitioner

disagrees with the unfavorable analysis and outcome in the State courts. This does not demonstrate actual frustration of the suppression proceeding. Petitioner's claim is not cognizable in federal habeas corpus.

## IV.     Conclusion

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    s/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE